UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ELAINE KLEIN,

       Plaintiff,   **MEMORANDUM OF
              DECISION & ORDER**
-against-          14-cv-2719 (ADS)(AYS)

GEORGE FRENKEL, AND RICHARD
FRENKEL,

       Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**David Bolton, P.C.**
*Attorney for the Plaintiff*
Suite 509
666 Old Country Road
Garden City, NY 11530
  By: David Bolton, Esq., Of Counsel

**Law Office of Abel L. Pierre, Attorney at Law, P.C.**
*Attorneys for the Defendants*
140 Broadway
46th floor
New York, NY 10005
  By: Abel L. Pierre, Esq., Of Counsel

**SPATT, District Judge**:

  This action was brought by the Plaintiff Elaine Klein (the "Plaintiff") against the Defendants George Frenkel ("George Frenkel") and Richard Frenkel ("Richard Frenkel") (collectively, the "Defendants"). The Plaintiff alleges that she made a loan to the Defendants and they have not repaid it. The Defendants contend that the loan was made to a corporation that they own, Lions Gate Group NY, Inc. ("LGGNY"), which is not a party to this action.

  Presently before the Court is a motion for summary judgment by the Plaintiff pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 56 against George Frenkel on her

1

claims for breach of contract, unjust enrichment, and money had and received. For the following reasons, the Plaintiff's motion is denied in its entirety.

## I. BACKGROUND

### A. The Relevant Facts

The following facts are drawn from the parties' respective 56.1 Statements and the evidence to which the statements cite.

George Frenkel was married to the Plaintiff's husband's sister until the year 2000, when George Frenkel and his wife divorced. After the divorce, the Plaintiff's family remained on good terms with George Frenkel.

In January 2012, George Frenkel asked the Plaintiff's husband, Barry Klein, for a loan. The Plaintiff claims that George Frenkel asked her for a personal loan, (Pl.'s Ex. 2, Decl. of Barry Klein ("Barry Klein Decl.") at ¶ 2), and George Frenkel claims that it was a business loan for LGGNY, (Defs.' Ex. A, Decl. of GF ("GF Decl.") at ¶¶ 6–7). George Frenkel states that when he asked Barry Klein for the loan, he did so as owner and president of LGGNY, and on its behalf. (Def.'s Ex. A, Dep. of George Frenkel ("Dep. of George Frenkel") at 6). Barry Klein avers that "George [Frankel] did not mention [LGGNY] and he did not ask for a loan to that company," and that George Frankel promised to repay the loan within one year. (Barry Klein Decl. at ¶ 2). The parties agree that the loan was for $500,000.

The Plaintiff claims that Barry Klein did not have sufficient funds to make the loan, but that the Plaintiff did. George Frenkel asked that the loan be transferred to his personal account at TD Bank. George Frenkel contends that the money was transferred to his personal bank account for disbursement to LGGNY.

The Plaintiff had $500,000 transferred from her personal JPMorgan Chase account to George Frenkel's personal TD Bank account. (Pl.'s Exs. 3–5). This transfer was made at George Frenkel's request and by his instructions. (*Id.*).

The Plaintiff has not received any repayment for the loan. The Plaintiff contends that George Frenkel owes her the money; and he claims that LGGNY owes the money to her.

**B. Relevant Procedural History**

On May 1, 2014, the Plaintiff commenced this action against the Defendants by filing a complaint. The original complaint did not clarify under what statute the Plaintiff sought recovery, but did seek the $500,000 allegedly owed by the Defendants from the alleged promissory note plus interest.

On August 19, 2014, the Plaintiff filed a motion for summary judgment, wherein she also raised for the first time claims for (i) breach of contract; (ii) money had and received and (iii) unjust enrichment. The Plaintiff annexed a copy of the alleged promissory note which appeared to have the Defendants' signatures. However, of importance, the Defendants claim that the Plaintiff forged their signatures. In a decision dated February 27, 2015, the Court denied the Plaintiff's initial motion for summary judgment pursuant to Rule 56 to enforce the promissory note, but granted her leave to amend her complaint to add the three causes of action that she raised in her memorandum of law in support of her initial motion for summary judgment. In the initial decision, the Court found that issues of fact precluded the Plaintiff's motion for summary judgment.

On February 27, 2015, the Plaintiff filed an amended complaint which sought recovery based on the alleged promissory note; breach of contract; unjust enrichment; and money had and received.

On September 8, 2016, the Plaintiff filed the instant second motion for summary judgment pursuant to Rule 56, asking the Court to find that the Plaintiff is entitled to recover on her claims for breach of contract, unjust enrichment, and money had and received, as a matter of law.

The Court notes that although the Plaintiff moved previously for summary judgment based on the alleged executed promissory note, she neither included the promissory note in her evidence nor discussed it in her memorandum of law.

## II. DISCUSSION

### A. The Standard of Review

Under FED. R. CIV. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When deciding a motion for summary judgment, "[t]he Court 'must draw all reasonable inferences and resolve all ambiguities in favor of the non–moving party.'" *Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 137 (2d Cir. 1998) (quoting *Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 26 (2d Cir. 1998)).

"[A]t the summary judgment stage the judge's function is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Redd v. N.Y. State Div. of Parole*, 678 F.3d 166, 173–74 (2d Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986) (internal quotation marks omitted)). In other words, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Barrows v. Seneca Foods Corp.,* 512 F. App'x 115, 117 (2d Cir. 2013) (quoting *Redd v. New York Div. of Parole,* 678 F.3d 166, 174 (2d Cir. 2012) (internal quotation marks omitted)). The Court

should not attempt to resolve issues of fact, but rather "assess whether there are any factual issues to be tried." *Cuff ex rel. B.C. v. Valley Cent. Sch. Dist.,* 677 F.3d 109, 119 (2d Cir. 2012).

The movant has the burden of demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). If a nonmoving party fails to make a sufficient showing on an essential element of their case where they will have the burden of proof, then summary judgment is appropriate. *Id.* at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. *Liberty Lobby,* 477 U.S. at 249. The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him. *See Dawson v. Cty. of Westchester,* 373 F.3d 265, 272 (2d Cir. 2004).

## B. The Applicable Law

### 1. Breach of Contract

Under New York law, there are four elements in a breach of contract claim: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir. 1996).

The Plaintiff's complaint is not clear as to what type of contract the Defendants allegedly breached—whether it was a written, an oral, or an implied contract. However, the paragraphs detailing the breach of contract claim incorporate the earlier paragraphs, which specifically reference a written promissory note. The Defendants do not raise the issue in their memorandum of law that the Plaintiff failed to plead a breach of an oral contract, and instead briefed whether the Plaintiff is entitled to summary judgment on an oral or an implied contract. The Plaintiff's

5

memorandum of law does not clarify the situation. She merely states that a loan is a contract, and that "the law implies the promise to repay the money." (Pl.'s Mem. of Law at 3–4). Therefore, the Court will analyze whether an oral contract was formed between the parties, and if so, the consequences of such a contract.

"[O]ral agreements are binding and enforceable absent a clear expression of the parties' intent to be bound only by a writing." *Wisdom Import Sales Co. v. Labatt Brewing Co.,* 339 F.3d 101, 109 (2d Cir. 2003) (citation omitted). Therefore, the parties intent must be determined.

### 2. Unjust Enrichment

"'The theory of unjust enrichment lies as a quasi-contract claim' and contemplates 'an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties.'" *Georgia Malone & Co., Inc. v. Rieder,* 19 N.Y.3d 511, 516, 950 N.Y.S.2d 333, 336, 973 N.E.2d 743, 746 (N.Y. 2012) (quoting *IDT Corp. v. Morgan Stanley Dean Witter & Co.,* 12 N.Y.3d 132, 142, 879 N.Y.S.2d 355, 907 N.E.2d 268 (N.Y. 2009)).

An unjust enrichment claim is rooted in "the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." *Miller v. Schloss,* 218 N.Y. 400, 407, 113 N.E. 337 (N.Y. 1916). Thus, in order to adequately plead such a claim, the Plaintiff must allege "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein,* 16 N.Y.3d 173, 182, 919 N.Y.S.2d 465, 944 N.E.2d 1104 (N.Y. 2011) (brackets and internal quotation marks omitted).

Under New York law, there can be no cause of action for unjust enrichment when there is a valid contract governing the same subject matter between the parties. *Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.,* 70 N.Y.2d 382, 521 N.Y.S.2d 653, 516 N.E.2d 190, 193 (N.Y. 1987). "[T]he

existence of a valid and binding contract governing the subject matter at issue in a particular case does act to preclude a claim for unjust enrichment even against a third party non-signatory to the agreement." *Network Enters., Inc. v. Reality Racing, Inc.,* No. 09 Civ. 4664, 2010 WL 3529237, *7 (S.D.N.Y. Aug. 24, 2010) (quoting *Law Debenture v. Maverick Tube Corp.,* No. 06 Civ. 14320, 2008 WL 4615896, *12 (S.D.N.Y. Oct. 15, 2008) (collecting cases)). "Courts have permitted pleading in the alternative in the face of a written agreement, however, when there is a dispute as to the agreement's validity or enforceability." *Air Atlanta Aero Engineering Ltd. v. SP Aircraft Owner I, LLC,* 637 F.Supp.2d 185, 195 (S.D.N.Y. 2009) (citations omitted).

Therefore, in the event that the Plaintiff is entitled to judgment as a matter of law on her breach of contract claim, she could not prevail under an unjust enrichment theory.

### 3. Monies Had and Received

"The elements of money had and received are that the defendant received money that belonged to the plaintiff, that the defendant benefitted from receiving the money, and that principles of equity and good conscience should not permit plaintiff to keep the money." *Onanuga v. Pfizer, Inc.*, 369 F. Supp. 2d 491, 498 (S.D.N.Y. 2005) (citing *Aaron Ferer & Sons, Ltd., v. Chase Manhattan Bank, N.A.,* 731 F.2d 112, 125 (2d Cir. 1984)).

**C. Application to the Facts**

There are a number of issues that were not discussed or even raised by either party. The Court will only analyze the sole basis for the Plaintiff's motion for summary judgment: that George Frenkel received money from the Plaintiff and is therefore liable under each of the above mentioned theories.

First, the Court notes that, as stated above, the Plaintiff could not recover under each of the theories upon which the Plaintiff has moved for summary judgment. Furthermore, if the Court

7

were to grant her summary judgment on an oral contract claim, that would complicate her claim for recovery under the alleged written contract, namely, the promissory note. Taking these two points into account, the Court must nevertheless deny the Plaintiff's motion in its entirety because George Frenkel has presented sufficient evidence to raise a question of fact as to whether the loan was made to LGGNY and not to the Defendants as individuals.

The Court will deal with all three claims at once, because the Plaintiff's motion for summary judgment on each of the claims fails for the same defect. The Plaintiff has failed to demonstrate that there is no question of fact as whether George Frenkel was a party to the contract; or whether George Frenkel benefitted from or was enriched by the loan.

While it is undisputed that the Plaintiff transferred money to George Frenkel's personal account after George Frenkel asked her husband for a loan, there is a dispute as to whom the loan was for. While the Plaintiff has introduced affidavits from herself and her husband that claim that George Frenkel never mentioned LGGNY, the Defendants have offered more than a mere scintilla of evidence by introducing sworn deposition testimony from George Frenkel in which he says that he and Barry Klein discussed a loan for LGGNY, and that the money went to LGGNY.

With the evidence currently before the Court, there are clear issues of fact and credibility. The evidence shows two conflicting versions of events. When analyzing a summary judgment motion, the court " cannot try issues of fact; it can only determine whether there are issues to be tried." *Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 36–37 (2d Cir. 1994) (citations omitted). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of N.Y.*, 426 F.3d 549, 553–54 (2d Cir. 2005) (citing *Rule v. Brine, Inc.,* 85 F.3d 1002, 1011 (2d Cir. 1996)); *see also Hayes v. N.Y. City Dep't of Corr.,* 84 F.3d 614, 619 (2d Cir. 1996) ("In applying th[e] [summary judgment]

standard, the court should not weigh evidence or assess the credibility of witnesses."); *United States v. Rem,* 38 F.3d 634, 644 (2d Cir. 1994) (same).

The Plaintiff did not submit any case law that holds that the Court must find that George Frenkel was the beneficiary of the loan or the *de facto* party to the contract merely by having the loan placed into his personal account. At this stage, the Court must draw all inferences and reasonable ambiguities in George Frenkel's favor, and it is ambiguous whether the loan was made to George Frenkel or LGGNY.

The only case cited by the Plaintiff with similar facts is *Bell v. Xanthopoulos*, 202 A.D.2d 910, 912, 609 N.Y.S.2d 428, 430 (3d Dept. 1994). In that case, the New York Appellate Division granted summary judgment to the plaintiff who lent money to an individual defendant and a corporate defendant. The court noted that the individual defendant, who was the president of the defendant corporation, admitted that the corporation did not receive any money from the plaintiff, and that the corporation did not owe any money to the plaintiff.

However, the facts are different in this case. Here, George Frenkel testified that he and Barry Klein discussed a loan for LGGNY; that the loan was for LGGNY; that the money was disbursed to LGGNY; and that LGGNY owes money to the Plaintiff.

In addition, the Plaintiff's motion fails for further reasons.

As to the breach of contract, it is a question of fact whether the parties intended that George Frenkel be bound, or whether LGGNY be bound. "This Court [] notes that where an alleged contract is oral, plaintiff has a particularly heavy burden to establish objective signs of the parties' intent to be bound." *Oscar Prods., Inc. v. Zacharius*, 893 F. Supp. 250, 255 (S.D.N.Y. 1995) (citing *Winston v. Mediafare Entertainment Corp.,* 777 F.2d 78, 80 (2d Cir. 1985)). "A primary concern for courts in such disputes is to avoid trapping parties in surprise contractual obligations

that they never intended." *Arcadian Phosphates, Inc. v. Arcadian Corp.,* 884 F.2d 69, 72 (2d Cir. 1989) (quoting *Teachers Insur. & Annuity Assoc. v. Tribune Co.,* 670 F.Supp. 491, 497 (S.D.N.Y. 1987)). "[M]ore is needed than agreement on each detail [to create a binding obligation. There must be] overall agreement . . . to enter into the binding contract." *Id.*

To recover for unjust enrichment, "[i]t is not enough that the defendant received a benefit from the activities of the plaintiff; if services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery." *Fernbach, LLC v. Capital & Guarantee Inc.*, No. 08CIV1265(SHS), 2009 WL 2474691, at *4 (S.D.N.Y. Aug. 12, 2009) (citing *Kagan v. K-Tel Entm't, Inc.*, 172 A.D.2d 375, 376, 568 N.Y.S.2d 756, 757 (N.Y. 1991); *Michele Pommier Models, Inc. v. Men Women N.Y. Model Mgmt., Inc.,* 14 F.Supp.2d 331, 338 (S.D.N.Y. 1998)). Here, George Frenkel testified that he obtained the money on behalf of LGGNY; therefore, the Plaintiff would have to look to LGGNY for recovery.

As to the money had and received claim, "[t]raditionally, the remedy for money had and received is available 'if one man has obtained money from another, through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass.'" *Panix Promotions, Ltd. v. Lewis,* No. 01 Civ. 2709, 2002 WL 122302, at *2 (S.D.N.Y. Jan. 22, 2002) (quoting *Miller v. Schloss,* 218 N.Y. 400, 408, 113 N.E. 337 (N.Y. 1916)). Instances where plaintiffs have prevailed include "where plaintiff has paid money by mistake, money has been collected for an illegal tax or assessment, or property is erroneously taken or withheld by a public official." *Parsa v. State*, 64 N.Y.2d 143, 148, 474 N.E.2d 235, 238 (N.Y. 1984) (citing examples of actions for money had and received).

Courts have found that where money was freely given as part of an agreement, "plaintiffs lack[ed] the requisite possessory interest" to prove a claim for money had and received. *Fernbach,*

*LLC v. Capital & Guarantee Inc.*, No. 08CIV1265(SHS), 2009 WL 2474691, at *5 (S.D.N.Y. Aug. 12, 2009) (internal citations omitted). "It is hardly a recent proposition that where the money at issue freely came to [the defendant] through an agreement, rather than pursuant to a wrong, a cause of action for money had and received may not lie." *Panix Promotions, Ltd. v. Lewis*, No. 01 CIV. 2709 (HB), 2002 WL 122302, at *3 (S.D.N.Y. Jan. 22, 2002).

Said differently,

> Plaintiff does not have a legal ownership or a right of possession in the [money] it loaned to the [the defendant]. It voluntarily made the loan . . . . Plaintiff had no intent to retain or exercise control. [The plaintiff] agreed to be paid back . . . as part of the contract, not paid back from the specific funds that it loaned to the [defendant]. It cannot now claim a possessory or ownership interest in that which it freely gave away as a loan in a contract that was bargained for and supported by consideration. The claim here is essentially a breach of contract claim . . . .

*United Republic Ins. Co. v. Chase Manhattan Bank*, 168 F. Supp. 2d 8, 19 (N.D.N.Y. 2001), *aff'd*, 40 F. App'x 630 (2d Cir. 2002), *mandate recalled, order vacated sub nom. United Republic Ins. Co., in Receivership v. Chase Manhattan Bank*, 315 F.3d 168 (2d Cir. 2003). Therefore, as it is undisputed that the Plaintiff voluntarily made the loan, she is not entitled to summary judgment on the monies had and received claim.

Therefore, because there are serious questions of fact with regard to the Plaintiff's claims, and because there are also material issues of credibility that permeate this case, the Plaintiff's motion for summary judgment pursuant to Rule 56 is denied.

### III.  CONCLUSION

Accordingly, the Plaintiff's motion for partial summary judgment pursuant to Rule 56 on her breach of contract claim and equitable claims against George Frenkel is denied in its entirety. This matter is respectfully recommitted to Magistrate Judge Anne Y. Shields for the completion of discovery.

It is **SO ORDERED:**

Dated: Central Islip, New York

May 30, 2017

                                                                   _____*/s/ Arthur D. Spatt*_____

                                                                       ARTHUR D. SPATT

                                                                   United States District Judge